COURT OF APPEALS, (E. S.) JUNE TERM, 1822.

GORDON vs. TUMER.

A discharge of an insolvent debtor under the act of March 1774, *ch.* 28, will not release him of a debt contracted subsequent to the passage of that act, although both himself and his creditor were citizens of this state at the date of such discharge.

APPEAL from *Kent* county court. This was an action of debt on a single bill. The facts of the case, as agreed on by the parties, were as follow, viz. The defendant, (now appellee,) executed the single bill, upon which the suit was brought, to the plaintiff, (the appellant,) on the 28th day of January 1808, and that the same remained unpaid. After the execution of said bill, the defendant was committed to the gaol of *Kent* county, at the suit of *George Dashiell,* and others, for want of special bail, and not being indebted to his creditors in the sum of £200 sterling, he applied for the benefit of the act of assembly for the relief of insolvent debtors, passed at March session 1774, *ch.* 28, and its supplements, and was regularly discharged under said acts on the 11th day of May 1808. The plaintiff and defendant, at the time of the execution of said discharge, were both citizens of this state, and the debt now in controversy was returned by the defendant in the schedule of his debts, which accompanied his said application. The defendant, since his discharge, had not acquired, and was not possessed of any property, except what he had acquired by his own industry. On these facts the county court gave judgment for the defendant, and the plaintiff appealed to this court, where the cause was argued before CHASE, Ch. J. BUCHANAN, MARTIN, DORSEY, and STEPHEN, J. by

*Chambers,* for the Appellant, and by

*Tilghman,* for the Appellee.

THE JUDGMENT of the County Court was *reversed,* and judgment given for the appellant for the debt and costs.